Elbert MISNER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 24516.

United States Court of Appeals
Fifth Circuit.

Oct. 16, 1967.

Glenn B. Lacy, San Antonio, Tex., for appellant.

Andrew L. Jefferson, Jr., Asst. U.S. Atty., San Antonio, Tex., for appellee.

Before WISDOM and GOLDBERG, Circuit Judges, and INGRAHAM, District Judge.

PER CURIAM:

Appellant was indicted, tried and convicted of forging and uttering a United States Treasury check in violation of 18 U.S.C. Sec. 495. On appeal Misner urges that the trial court erred: (1) in failing to grant in full the appellant's motion to suppress certain statements he made to a secret service agent, and (2) in admitting certain evidence of telephone conversations between the appellant and a clerk in the Secret Service office in San Antonio, Texas.

On April 5, 1966, the appellant was questioned by a secret service agent. During this interrogation the appellant informed the agent that he had an attorney and the trial court granted the appellant's motion to suppress any evidence or statements made by Misner after he advised the agent that he had an attorney. The issue on appeal is at

what juncture did the appellant inform the interrogating agent that he had an attorney. The appellant contends that the agent was informed that he had an attorney before he was questioned about the signature on the check and before the appellant, in response to the agent's request, furnished handwriting specimens. The trial court held that these inquiries were made prior to the time that the appellant announced that he had an attorney and, thus, were not reached by the motion to suppress. The contention of the appellant as to when he told the agent that he had an attorney is refuted by his own testimony. The evidence clearly supports the ruling of the trial court as to when the appellant mentioned that he had an attorney. The failure of the appellant to mention that he had an attorney before volunteering certain evidence constituted a waiver. Wilson v. United States, 371 F.2d 824 (5th Cir. 1967).

The telephone conversation, which was admitted in evidence over the appellant's objection, concerned a call by Misner to a clerk in the Secret Service office at San Antonio, Texas. The testimony of the clerk indicates that Misner, after identifying himself, asked if it would be legal for him to cash a government check given him as payment for an automobile inasmuch as the purchaser of the car was dissatisfied and had demanded the return of her money. The appellant acknowledged having such a conversation when he testified and, thus, removed the basis for a hearsay objection. Hug v. United States, 329 F.2d 475 (6th Cir. 1964), cert. denied, 379 U.S. 818, 85 S.Ct. 37, 13 L.Ed.2d 30; Patterson v. United States, 111 F.2d 641 (5th Cir. 1940). Moreover, the admission of this testimony resulted in no harm to the appellant as it is equally consistent with innocence as with guilt.

Other contentions made by the appellant are without merit.

The judgment of the District Court is affirmed.